**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cr-00114** |
| | ) | |
| **SHAMAIN JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Sever Counts (Doc. No. 242) and Motion to Continue Trial (Doc. No. 250). The Government opposes both motions. (Doc. Nos. 243, 251.), The motions will be denied.

I.      Motion to Sever

In Counts 3 and 4 of the Superseding Indictment (Doc. No. 177), Johnson is charged with alleged incidents of drug distribution and possession with intent to distribute, in violation of 21 U.S.C. § 841 (a)(1). Count 3 alleges an offense in August of 2017 and Count 4 alleges an offense in February of 2018. Johnson contends that trying these two counts together, particularly after the conspiracy charge (Count 1) has been dismissed, would "severely prejudice the defendant and prevent him from receiving a fair trial." (Doc. No. 242 at 2.) The Government argues that the Counts are properly joined and that Johnson has not met his burden of demonstrating severe prejudice justifying severance.

Johnson concedes, as he must, and the Government agrees, that Counts 3 and 4 are properly joined under Rule 8(a). (Doc. No. 242 at 2.) The Court also agrees. An indictment "may charge a defendant in separate counts with two or more offenses if the offenses charged, whether felonies

or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); United States v. Hang Le-Thy Tran, 433 F.3d 472, 477 (6th Cir. 2006). On the face of the Superseding Indictment, Counts 3 and 4 allege drug trafficking offenses that are "of the same character." The Counts are logically related and joinder offers advantages in terms of judicial efficiency, which the Sixth Circuit has identified as a "predominant consideration." United States v. Swift, 809 F.2d 320, 322 (6th Cir. 1987).

Johnson argues, however, that he will be unduly prejudiced by the joint trial of Counts 3 and 4. Under Federal Rule of Criminal Procedure 14(a), a district court may order separate trials for a defendant facing a multi-count indictment if the "joinder of offenses . . . appears to prejudice a defendant[.]" Rule 14 is "permissive, not mandatory." United States v. James, 496 F. App'x 541, 546 (6th Cir. 2012). Thus, "[i]n order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005) (citing United States v. Sherlin, 67 F.3d 1208, 1215 (6th Cir. 1995)). "In determining whether a defendant [will suffer] prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." United States v. Dale, 429 F. App'x 576, 578 (6th Cir. 2011). "A request for severance should be denied if a jury can properly compartmentalize the evidence[.]" United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987). Even where the risk of prejudice is high, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

Johnson concedes that he must show compelling, specific, and actual prejudice, and demonstrate that a jury cannot keep the evidence from the Counts separate and deliver a fair verdict on each. (Doc. No. 242 at 3.) Johnson speculates that the Government only sought reconsideration of the Court's ruling on Count 4 to make sure that Count was included at trial for the purpose of gaining "spillover evidence" to "get any conviction." (Id.) He boldly contends that "reality would suggest that if a jury hears evidence of Count 4 it will not be able to separate it from Count 3 and will most certainly convict [ ] Johnson on both counts." (Id. at 4.)

Johnson's bold speculation does not establish a "compelling, specific or actual prejudice" to require a severance. As an initial matter, Johnson believes the jury is incapable of compartmentalizing multiple drug counts. To the contrary, juries routinely do just that in federal courts on a daily basis. In this case, the Court will instruct the jury to consider Counts 3 and 4 of the Superseding Indictment separately, and the Court, at this juncture, believes that the jury will follow the Court's instructions. Jones v. United States, 527 U.S. 373, 394 (1999). Johnson is not charged with so many counts that the jury will be overwhelmed with evidence. The jury will be able to compartmentalize the evidence concerning both counts because there are essentially only two distinct events on two distinct dates: the August 2016 Wal-Mart parking lot event and the February 2017 car wash event. Johnson has not established that any specific trial right will be compromised or that "spillover" evidence may incite the jury to disregard the instructions. Johnson's belief that a joint trial of Counts 3 and 4 "will prevent the jury from making a reliable and independent judgment" is therefore unpersuasive. He does not have the right to individual trials based on individual drug transactions simply because he asserts that each will "prejudice" the jury's consideration of the other. He must show "substantial prejudice." He has not done so.

II.     Motion to Continue

Johnson moves for a continuance of trial. He argues that the Court's reconsideration of its ruling on the motion to suppress evidence for Count 4 was erroneous and an "obvious benefit to the Government." (Doc. No. 250 at 2.) Johnson contends that his counsel "may be required to convince the Court to reconsider again its ruling," and that such "[r]esearch and writing will consume significant time." (Id. at 2-3.) The Government opposes the motion and contends that there has been no change in the facts or law that necessitates revisiting the motion to suppress. (Doc. No. 251.)

"[B]road discretion" is granted trial courts on matters of continuances." Morris v. Slappy, 461 U.S. 1, 11 (1983). To make a justifiable request for a delay, a defendant must show that the denial would result in "actual prejudice to his defense." United States v. Gallo, 763 F.2d 1504, 1523 (6th Cir. 1985) (quotations omitted). "Actual prejudice" is established "by showing that a continuance would have made relevant witnesses available or added something to the defense." United States v. King, 127 F.3d 483, 487 (6th Cir. 1997); United States v. Harbour, 417 F. App'x 507, 513 (6th Cir. 2011).

Johnson has not demonstrated actual prejudice. Critically, he has not made any attempt to argue that a delay is necessary for him to access additional witnesses or evidence. To the contrary, Johnson simply disagrees with the Court's July 18, 2019 ruling on the motion for reconsideration regarding Count 4 and seeks a delay of unknown length to (apparently) allow for preparation of an additional motion for reconsideration on unstated grounds. The Court agrees that Johnson's counsel are experienced criminal defense lawyers. They vigorously opposed the Government's motion to reconsider. (Doc. No. 219). In doing so, they advanced a strong legal opposition. Now, Johnson attacks the July 18 decision at only a general level. (See id. at 2 ("It is anticipated that

analysis of the law of seizure from <u>Terry</u> and <u>Sibron</u> forward *may* be required to convince this Court to reconsider again its ruling.").); (<u>see id</u>. at 2-3 (referencing "the last fifty years" of Fourth Amendment law").) This is insufficient to establish that he will suffer actual prejudice if the trial proceeds as scheduled. Based on the instant motion and the record currently before the Court, Johnson's request for a continuance will be denied.

III.     Conclusion

Defendant's Motion to Sever Counts (Doc. No. 242) and Motion to Continue Trial (Doc. No. 250) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE